UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | : | CHAPTER 7 |
| | : | |
| KEITH LINDSEY HARVILLE, AND | : | CASE NO 15-05315 |
| GUADALUPE PINEDA HARVILLE, | : | |
| | : | JUDGE MARIAN F. HARRISON |
| Debtors | : | |
| | : | |
| FEDERAL NATIONAL MORTGAGE | : | |
| ASSOCIATION ("FANNIE MAE"), | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| vs. | : | |
| | : | |
| KEITH LINDSEY HARVILLE AND | : | |
| GUADALUPE PINEDA HARVILLE, | : | |
| MICHAEL GIGANDET, Trustee, | : | |
| | : | |
| Respondents. | : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES **Federal National Mortgage Association ("Fannie Mae"),** ("Movant"), and hereby moves this Court for relief from the automatic stay, pursuant to 11 U.S.C. § 362, with respect to certain real property having an address of 150 IONA WAY, BATESVILLE, AR 72501 (the "Property"), for all purposes allowed by law, the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose; and, for abandonment by the Trustee pursuant to 11 § 554(b). In support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtors on July 31, 2015.

2. Michael Gigandet ("Trustee") has been appointed the Chapter 7 Trustee in this action and is a party hereto in official capacity only.

3. The Debtors have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $325,350.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

3. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Deed of Trust are secured by the Property. A copy of the Deed of Trust is attached hereto as Exhibit B.

4. The Statement of Intentions filed herein states that the Property shall be surrendered. The unpaid principal balance as of the filing of the motion is $260,775.85, with an estimated payoff of $284,267.03. The property is valued at $330,000.00, pursuant to Debtors' Schedule A – Real Property. Movant can provide no proof of value contrary to the value set forth herein; accordingly, Movant has no reason to believe said value is not substantially accurate.

6. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $285,546.03.

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $926.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

7. Cause exists for relief from the automatic stay for the following reasons:
   a) Movant's interest in the Property is not adequately protected. The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
   b) Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtors have little or no equity in the Property .

8. The Movant is entitled to an order deeming the Property abandoned by the Chapter 7 Trustee as an asset of the bankruptcy estate, pursuant to 11 U.S.C. § 554.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the note, Deed of Trust, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective in the event of conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Respectfully Submitted,

 **/s/ Carolee Berasi**
Carolee Berasi, TN Bar No. 024844
Attorney for Movant
RCO Legal, P.S.
1587 Northeast Expressway
Atlanta, GA 30329
678-298-8876
cberasi@rcolegal.com

## CERTIFICATE OF SERVICE

  The undersigned does hereby certify that a true and exact copy of the foregoing document has been served electronically, through the Court's electronic filing system to all parties indicated on the electronic filing receipt, on August 21, 2015, or by United States mail, postage prepaid, to the Debtor.

| | |
|---|---|
| Keith Lindsey Harville<br>2792 Lafayette Drive<br>Thompsons Station, TN 37179 | Michael Gigandet<br>208 Centre Street<br>Pleasant View, TN 37146 |
| Guadalupe Pineda Harville<br>2792 Lafayette Drive<br>Thompsons Station, TN 37179 | Alexander S. Koval<br>1222 16th Ave. S. / Suite 12<br>Nashville, TN 37212 |
| | U.S. Trustee - Nashville<br>701 Broadway STE 318<br>Nashville, TN 37203 |

            /s/ Carolee Berasi
           Carolee Berasi, TN Bar No. 024844

220775