```
                         United States Bankruptcy Court
                           Middle District of Tennessee
```

In re:                                                          Case No. 15-05315-MFH
Keith Lindsey Harville                                          Chapter 7
Guadalupe Pineda Harville
         Debtors                **CERTIFICATE OF NOTICE**

District/off: 0650-3         User: klp1993           Page 1 of 1         Date Rcvd: Aug 24, 2015
                             Form ID: prelimhr       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2015.
db/jdb         +Keith Lindsey Harville,   Guadalupe Pineda Harville,   2792 Lafayette Drive,
                 Thompsons Station, TN 37179-9759

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 24, 2015 at the address(es) listed below:
              ALEXANDER S KOVAL    on behalf of Debtor Keith Lindsey Harville
               notice@rothschildbklaw.com;rothschildbklawnotice@gmail.com
              ALEXANDER S KOVAL    on behalf of Joint Debtor Guadalupe Pineda Harville
               notice@rothschildbklaw.com;rothschildbklawnotice@gmail.com
              CAROLEE  BERASI    on behalf of Creditor   FEDERAL NATIONAL MORTGAGE ASSOCIATION
               cberasi@rcolegal.com,  ECF_TN@rcolegal.com
              MICHAEL  GIGANDET    mg@trustesolutions.net,  michael@mgigandet.com
              US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                            TOTAL: 5

Form prelimhr

# United States Bankruptcy Court

## MIDDLE DISTRICT OF TENNESSEE

In re:
    Keith Lindsey Harville                                      **Case No. 3:15–bk–05315**
    Guadalupe Pineda Harville                           **Chapter: 7     Judge: Marian F Harrison**

     Movant:   FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE")

v.

    Respondents:   KEITH LINDSEY HARVILLE, GUADALUPE PINEDA HARVILLE, AND MICHAEL GIGANDET, TRUSTEE

## NOTICE OF PRELIMINARY HEARING AND PREHEARING ORDER

YOU ARE HEREBY NOTIFIED THAT A PRELIMINARY HEARING OF THE MOTION FOR RELIEF FROM STAY HAS BEEN SET ON **9/15/15 AT 08:30 AM IN Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203**.

**RESPONDENT SHALL FILE AND SERVE A RESPONSE** to the motion at least 7 days before the preliminary hearing. **FAILURE TO TIMELY FILE AND SERVE A RESPONSE TO THE MOTION FOR RELIEF FROM THE STAY SHALL BE DEEMED A STATEMENT OF NO OPPOSITION TO THE RELIEF REQUESTED.**

In the event a final hearing is necessary, the final hearing will be scheduled by the court at the preliminary hearing.

**COUNSEL FOR EACH PARTY IS ORDERED** to file **no later than 4:00 p.m. on the 3rd business day before the preliminary hearing,** a **"PREHEARING STATEMENT"** containing the following:

### FOR MOVANT

1. A brief statement of each theory of cause for relief from the stay.
2. A brief summary of movant's contentions of fact in support of each theory of cause for relief from the stay and the evidence to be relied upon to establish those facts.

### FOR RESPONDENT

1. A brief statement of each defenses.
2. A brief summary of respondent's contentions of fact in support of each defense, and the evidence to be relied upon to establish those facts.

### FOR ALL PARTIES

1. A statement of all admitted uncontested facts.
2. Each Party's brief statement of contested facts.
3. Each party's brief statement of contested legal issues.
4. The affidavits or other documentary proof which each party submits in support of its contentions. Any creditor asserting a lien or security interest shall include proof of its lien or security interest and **proof of perfection.** All such affidavits or documents shall be exchanged by the parties at or before the time of filing of the PREHEARING STATEMENT.

If no timely response has been filed and served, in lieu of a PREHEARING STATEMENT, the movant shall file at or before the preliminary hearing, a STATEMENT OF NO OPPOSITION and a proposed order granting the relief requested. If a Statement of No Opposition and a proposed order are filed before the preliminary hearing, movant is excused from attendance at the preliminary hearing.

### PROCEDURE AT PRELIMINARY HEARING

At the preliminary hearing, the Court will consider the motion and response, the PREHEARING STATEMENT and attachments and the arguments of counsel. Upon the motion of a party filed and served at least 72 hours prior to the preliminary hearing, the Court may permit the questioning of witnesses at the preliminary hearing.

### **APPLICATION OF LBR 9014–1**

1. If no timely response is filed and served, LBR 9014–1c shall not apply.
2. If a timely response is filed and served and if a final hearing is scheduled by the court:
   a. The Required Disclosures in LBR 9014–1d(1)(a) and (b) shall be completed by all parties no later than 7 days after the preliminary hearing.
   b. The Required Disclosures in LBR 9014–1d(1)(c) shall be completed no later than 14 days before any final hearing.
   c. The Pretrial Disclosures in LBR 9014–1d(2) shall be completed no later than 7 days before any final hearing.

Failure to comply with this order may result in dismissal of the action, default, the assessment of costs and attorneys fees or other appropriate remedies.

Dated: 8/24/15　　　　　　　　　　　　　　　　/s/ Marian F Harrison
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

For a Chapter 7, 12 or 13 case, the clerk shall mail a copy of this order to the debtor(s), attorney for the debtor(s), trustee, U.S. trustee, any committee elected (§ 705) and attorney for movant.

In a Chapter 11 case, the clerk shall mail a copy to the attorney for movant. The attorney for the movant shall mail a copy of this order to the debtor(s), the trustee (if appointed), the U.S. trustee, any committee appointed pursuant to § 1102 or the 20 largest unsecured creditors, if no committee is appointed.