IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER: 7 |
| Keith and Guadalupe Harville ) | CASE NO.: 15-05315 |
| SSN: XXX-XX-6585 ) | JUDGE: HARRISON |
| SSN: XXX-XX-0135 ) | |
| 2792 Lafayette Drive ) | |
| Thompsons Station, TN 37179 ) | |
|    Debtors ) | |

**The deadline for filing a timely response is November 19, 2015.**
**If a response is timely filed the hearing date will be: December 8, 2015 at 9:00 a.m. Customs House, Courtroom 3, 701 Broadway, 2nd Floor, Nashville, TN 37203**

### DEBTORS' RESPONSE IN OPPOSITION TO MOTION TO EXTEND DEADLINE FOR OBJECTIONS TO DISCHARGE OR DISCHARGEABILITY

The Debtors, by and through counsel, Rothschild and Ausbrooks, PLLC, submit this response to the Motion to Extend Time for Filing Objections to discharge or dischargeability filed on behalf of Arkansas Family Care Network, P.A. ("AFCN"). In support of this objection, the Debtors state the following:

1. The Debtor, Keith Harville, entered into an employment contract with AFCN in June, 2009.

2. AFCN had been actively pursuing collections since approximately March, 2014.

3. In the months prior to the Debtor's bankruptcy filing, AFCN was represented by Mitchell, Blackstock, Ivers, Sneddon, Marshall, PLLC, attorneys from Little Rock, Arkansas.

4. The Debtor properly scheduled AFCN in care of their counsel in his Chapter 7 bankruptcy petition.

5. BNC notice containing the deadline for objections to discharge and/or dischargeability was mailed on August 6, 2015.

6. Both Debtors appeared the meeting of creditors on August 31, 2015, while no one was present on behalf of AFCN.

7. The Debtors' counsel did not receive any communications from AFCN until one week before the expiration of the discharge deadline.

8. During the pendency of the Debtors' Chapter 7 case, it was selected for an independent audit by the United States Trustee. The Report of Audit with no material misstatements identified was filed with the Court on October 23, 2015 (ECF No. 40).

9. AFCN failed to set forth any valid basis for an extension of the deadline while they had more than ample time to conduct discovery they now allege they need more time to conduct.

10. Debtors did not oppose the Chapter 7 Trustee's Motion to extend the discharge deadline, however, AFCN cannot rely upon the extension granted to the Trustee. As a general rule, a motion to extend, if granted, only applies to the moving party. *In Re Berger*, 2012 *Bankr. LEXIS 2752, citing Frati v. Gennaco, 2011 U.S. Dist. LEXIS 6563, 2011 WL 241973.*

11. The Bankruptcy Rules' deadlines are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start to the Debtor and prompt administration of the estate. *In Re Chatkhan*, 455 B.R. 365 (Bankr. E.D.N.Y., 2011).

12. The party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline.

13. Even in a complicated case, if a creditor fails to diligently pursue discovery prior to expiration of the deadline, there is no cause justifying an extension of time to object

to discharge. *Id.*

PREMISES CONSIDERED, Debtors ask the Court to deny the Trustee's Motion to Extend Discharge Deadline.

Respectfully submitted,

*/s/ Alex Koval*
Alex Koval
ROTHSCHILD & AUSBROOKS, PLLC
Attorney for Debtor(s)
1222 16th Avenue South, Suite 12
Nashville, TN 37212
(615) 242-3996 (telephone)
(615) 242-2003 (facsimile)
notice@rothschildbklaw.com

# CERTIFICATE OF SERVICE

I certify that on this 17th day of November, 2015, I served a copy of the foregoing in the following manner:

*Email by Electronic Case Noticing to:*

Beth R. Derrick, Asst. U.S. Trustee
Michael Gigandet, Chapter 7 Trustee

*By U.S. Postal Service, postage prepaid to:*

The Debtor at the above address

*By U.S. Postal Service, Certified Mail to:*

<<<N/A>>>

*/s/ Alex Koval*
Alex Koval